```
              UNITED STATES DISTRICT COURT
               SOUTHERN DISTRICT OF OHIO
                    WESTERN DIVISION
```

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | NO. 1:06-CR-00112 |
| v. | : | **OPINION AND ORDER** |
| NICO CAPURRO, et al. | : |  |

This matter is before the Court on Defendant William Jewell, Jr.'s Motion for Separate Trials (doc. 38) and the United States' Response (doc. 45). For the reasons stated herein, the Court DENIES Defendant's Motion (doc. 38).

Defendant William Jewell, Jr. seeks an order, pursuant to Federal Rule of Criminal Procedure 14, to separate the trials of Defendants Jewell and Capurro (doc. 38). Defendant Jewell states that he would be prejudiced by trying this matter with Defendant Capurro because it is currently unknown whether Defendant Capurro has made a statement which implicates Defendant Jewell (Id.).

The government opposes Defendant Jewell's request, stating that Defendant's motion contains bare allegations based on premature speculation (doc. 45). Further, the United States claims that if there are any such statements, the situation can be remedied by redaction of those statements in accordance with United States v. Bruton, 391 U.S. 123 (1968).

Having reviewed this matter, the Court finds the government's

position well-taken. Severance of co-defendants' trials is warranted where "it appears the defendant or the government is prejudiced by the joinder of the offenses or of defendants in an indictment or information or by such joinder of trial together." Fed. R. Crim P. 14. Ordinarily, individuals indicted together should be tried together, particularly where those defendants are indicted on conspiracy charges. United States v. Cobleigh, 75 F.3d 242, 247 (6th Cir. 1996); United States v. Welch, 97 F.3d 142, 147-48 (6th Cir. 1996). The Supreme Court has stated that "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." Zafiro v. United States, 506 U.S. 534, 539 (1993). Defendant Jewell clearly has not made such a showing. Because Defendant Jewell has cited no actual basis for severance, the Court cannot grant his motion.

Therefore, the Court DENIES Defendant's Motion for Separate Trials (doc. 38).


SO ORDERED.


Dated: June 19, 2007         /s/ S. Arthur Spiegel
                             S. Arthur Spiegel
                             United States Senior District Judge